IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN, et al.<br><br>  Plaintiffs<br><br>v.<br><br>KENDALL PATIENT RECOVERY U.S., LLC<br><br>  Defendant | Civil Action File No.<br><br>1:21-CV-00112-JRH-BKE |

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendant Kendall Patient Recovery U.S., LLC ("KPR") files its motion to stay discovery during the pendency of its motion to dismiss Plaintiffs' Complaint.

### I.   Introduction

KPR filed a motion to dismiss the Complaint on September 7, 2021. (DE 10.) Plaintiffs requested an extension of time to respond to the motion, which was granted. (DE 20.) As a result, Plaintiffs' response to the motion to dismiss is not due until October 12, 2021, and KPR's reply brief will be due on November 16, 2021. (*Id.*) KPR requests that the discovery period be stayed pending the Court's ruling on the motion to dismiss.[1]

An order granting the motion to dismiss will dispose of all claims, and an order partially granting the motion could dispose of several claims or result in dismissal of several Plaintiffs.

---

[1] In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, the parties' counsel conferred in good faith to attempt to resolve their dispute regarding the need for a stay of discovery pending resolution of the motions to dismiss, and they were unable to resolve the dispute.

1

Discovery regarding dismissed claims and Plaintiffs will have wasted the parties' time and resources. Further, KPR has not yet answered the Complaint or asserted many affirmative defenses. Admissions in KPR's answer may eliminate the need for some discovery, while KPR's affirmative defenses may expand the need for other discovery.

In sum, neither the parties nor the Court can determine what the issues are or what facts are in dispute until the Court's ruling on the motion to dismiss. A stay will conserve the parties' resources, avoiding legal fees and costs associated with discovery that would be unnecessary if KPR prevails. A stay will also serve the interest of judicial economy, postponing discovery disputes until it is clear what, if any, issues remain and the relevance and proportionality of discovery requests to those issues. KPR therefore requests that this Court exercise its discretion to stay discovery pending its ruling on the motion to dismiss.

## II.     Legal Standard

This Court has authority to stay discovery upon a showing of good cause and enjoys "broad discretion" in making this determination. *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020) (citation omitted). "The test for whether a stay should be granted pending the resolution of a motion to dismiss is straightforward: a stay 'is appropriate where the movant shows good cause and reasonableness.'" *Zamber v. Am. Airlines, Inc.*, No. 16-CV-2390, 2017 WL 5202748, at *3 (S.D. Fla. Feb. 17, 2017) (citations omitted). Good cause can be shown where resolution of a preliminary motion may dispose of the entire action. *See Diaz v. Atkinson County*, No. 5:15-cv-16, 2015 WL 4507936, at *2 (S.D. Ga. July 24, 2015); *Habib v. Bank of Am. Corp.*, No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011). Reasonableness can be shown where the defendant's motion to dismiss presents a facial challenge likely to dispose of the complaint such that imposing the expenses of discovery would be unreasonable. *See Zamber*, 2017 WL 5202748,

at *3. Lastly, the court weighs the potential prejudice to plaintiff against the possibility that the defendant's pending motion will dispose of the entire matter. *See SP Frederica, LLC v. Glynn County*, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015).

In ruling on a motion for stay of discovery, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." *Sams v. Ga. W. Gate, LLC*, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016) (internal punctuation and citations omitted). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Id.* (citation omitted). Based on this standard, a stay is warranted.

### III.   Argument

First, there is good cause to stay discovery until this Court's ruling on the motion to dismiss. This motion may resolve the litigation without the need for expensive discovery, which constitutes good cause. *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.") (citation omitted); *Habib*, 2011 WL 2580971, at *6 n.4 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.") (citation omitted).

Second, a stay is reasonable to avoid unnecessary expense and time. The Eleventh Circuit Court of Appeals has reasoned a court can rule on a motion to dismiss before the commencement of discovery to avoid unnecessary costs to the parties. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.") (footnote omitted); *Rivas v. The Bank of New York Mellon,*

676 F. App'x 926, 932 (11th Cir. 2017) ("[M]otions to dismiss should, ideally, 'be resolved before discovery begins.'") (citing *Chudasama*, 123 F.3d at 1367)).

Third, a stay will not prejudice Plaintiffs. Neither the parties nor the Court knows the issues and facts in dispute because KPR has not yet answered the Complaint or asserted its affirmative defenses, and the Court has not ruled on the motion to dismiss. Admissions in KPR's answer may eliminate the need for some discovery, while KPR's affirmative defenses may expand the need for other discovery. Moreover, the Complaint is seeking redress for alleged injuries dating from 1988, based on alleged conduct dating from 1968. (*See, e.g.*, DE 1 ¶¶ 14, 93-96.) A short delay while the Court decides the motion to dismiss will not result in any prejudice to Plaintiffs after their own delay of years and, for some Plaintiffs, decades before bringing the action in the first place.

In addition, KPR's motion has merit and is supported by well-settled law. The Court's preliminary review of the motion to dismiss does not require the court to assign a probability of success on the merits, but it gauges whether the motion has merit, and whether, if successful, it will simplify or eliminate the litigation. *Sams*, 2016 WL 3339764, at *6. KPR's motion to dismiss seeks dismissal of all Plaintiffs' claims, and, if successful, would dispose of this litigation. (DE 10.) The motion contains meritorious challenges to Plaintiffs' standing under Rule 12(b)(1) and the sufficiency of Plaintiffs' allegations under Rule 12(b)(6). (*Id.*) A ruling on the motion will, at a minimum, simplify the litigation and may eliminate Plaintiffs' claims entirely. Therefore, a stay is warranted here and will serve the interests of judicial economy and conservation of the parties' resources.

## IV.   Conclusion

Based on the foregoing, KPR respectfully requests a stay of discovery while the Court considers its pending motion to dismiss Plaintiffs' Complaint. (DE 10.) There is good cause to

4

order a stay, the request is reasonable, and Plaintiffs would not be prejudiced. In sum, KPR has met its burden of showing a stay is appropriate and serves the parties' and Court's interests.

Dated:   September 30, 2021

Respectfully submitted,

By: */s/ Barry A. Fleming*
Barry A. Fleming
GA Bar Number 262945
bfleming@flemingnelson.com
**FLEMING & NELSON, LLP**
631 Ronald Reagan Drive
P.O. Box 2208
Evans, Georgia 30809

Meghan Rohling Kelly
mkelly@bakerlaw.com
(*Admitted Pro Hac Vice*)
**BAKER & HOSTETLER, LLP**
2929 Arch St., 12th Floor
Philadelphia, PA 19104

S. Derek Bauer
Georgia Bar No. 042537
(*Admitted Pro Hac Vice)*
dbauer@bakerlaw.com
**BAKER & HOSTETLER, LLP**
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309

*Attorneys for Defendant Kendall Patient Recovery U.S., LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification by email of such filing to counsel of record.

This 30th day of September, 2021.

/s/ *Barry A. Fleming*
Barry A. Fleming
GA Bar Number 262945