IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN, EVELYN ARMSTRONG, TIEESE SMITH, DEWAYNE WILLIAMS, VICTORIA SNOW, RONALD LAMPKIN, BARBARA BETTS, SHERRY HOLES, FELICIA LAMBERT, TERESSA TAYLOR, MICHAEL DUNN, ALOPECIA ARMSTRONG, PATRICIA BELL, BERNICE WILKINS, ANNIE WILLIAMS, CAROLYN WASHINGTON, SCHUYLER KNIGHT, CLARISSA COLEMAN, CHARLES JONES, MARK PUGH, SABRINA WATKINS, SUSAN DENICE KELLY, and ETHEL LENA EVANS, | |
| Plaintiffs, | Civil Action File No. |
| v. | 1:21-cv-00112 |
| KENDALL PATIENT RECOVERY U.S., LLC, a Delaware limited liability corporation, | |
| Defendant. | |

**RULE 26(f) REPORT**

1.    Date of Rule 26(f) conference: September 17, 2021

2.    Parties or counsel who participated in conference:

       Michael Ovca and Charlie Bailey on behalf of Plaintiffs
       Meghan Kelly, Derek Bauer, and Simon Williams on behalf of Defendant

3.    If any Defendant has yet to be served, please identify the defendant and state when service is expected.

       All Defendants have been served.

4.    Date the Rule 26(a)(1) disclosures were made or will be made: October 1, 2021

5.    If any party objects to making the initial disclosures required by Rule
      26(a)(1) or proposes changes to the timing or form of those disclosures,

      a.    Identify the party or parties making the objection or proposal: N/A

      b.    Specify the objection or proposal: N/A

6.    The Local Rules provide a 140-day period for discovery. If any party is requesting
      additional time for discovery,

      a.    Identify the party or parties requesting additional time:

            Plaintiffs and Defendant both request additional time for discovery.

      b.    State the number of months the parties are requesting discovery:

            Plaintiffs and Defendant both request 16 months for discovery.

      c.    Identify the reason(s) for requesting additional time for discovery:
            __X__ Unusually large number of parties
            _____ Unusually large number of claims or defenses
            __X__ Unusually large number of witnesses
            __X__ Exceptionally complex factual issues
            _____ Need for discovery outside the United States
            _____ Other: _____

      d.    Please provide a brief statement in support of each of the reasons identified above:

            Plaintiffs and Defendant anticipate needing additional time for discovery due to the
      highly technical nature of the issues involved in this dispute, the volume of medical records
      and emission records at issue, and the number of expert and other fact witnesses necessary
      on a variety of topics, from toxicology to air modeling. Plaintiffs will require discovery from
      Defendant relating to its acquisition and use of ethylene oxide throughout its medical device
      sterilization processes. Defendant will require disclosure of historical medical records for
      Plaintiffs, their family medical histories, conduct relevant to their health and risk factors,
      and alleged damages, among other topics. Plaintiffs and Defendant expect that depositions
      may be taken of, among others, Plaintiffs, Plaintiffs' family members and other close
      contacts, physicians involved in treating them, Defendant's corporate representatives,
      Defendant's environmental health and safety officer, employees of Defendant involved at
      various points in the sterilization process, and potentially experts in the fields of medicine,
      oncology, hematology, immunology, epidemiology, toxicology, environmental regulation,
      statistics, and air modeling.

7.    If any party is requesting that discovery be limited to particular issues or conducted in

phases, please:

a.      Identify the party or parties requesting such limits:

      Plaintiffs and Defendant both request that discovery be conducted in phases.

b.      State the nature of any proposed limits:

      Plaintiffs and Defendant both request that the discovery period be separated into fact and expert discovery stages, beginning with 12 months of fact discovery followed by 4 months of expert discovery, including the exchange of expert reports and expert depositions.

      Plaintiffs and Defendant further request that the Court adopt a bellwether process to address the large number of Plaintiffs involved in this and the nearly identical co-filed complaint in *Lambert v. Kendall Patient Recovery U.S., LLC*, 21-cv-00111. Plaintiffs and Defendant believe that such a process will promote judicial efficiency and allow the parties to better evaluate whether resolution of some or all of Plaintiffs' claims is possible. Plaintiffs and Defendant suggest that they confer and submit a concrete proposal to the Court within 21 days of any resolution of Defendant's Motion to Stay Discovery (Dkt. No. 21) that allows discovery to continue. This proposal will outline the selection and inclusion of some Plaintiffs' claims in an initial pool of cases, while discovery in the remaining Plaintiffs' cases would be stayed pending the outcome of this initial bellwether pool.

8.      The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue joined |
| Last day to furnish expert witness report by Plaintiffs | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness report by a Defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

a.      Identify the party or parties requesting the modification:

      Plaintiffs and Defendant both request modifications regarding these deadlines, in accordance with the timelines proposed in Numbers 6 and 7, above.

b.      State which deadline should be modified and the reason supporting the request:

      The parties request that discovery be conducted in fact and expert discovery phases

to account for the volume of discovery anticipated to be necessary, and the number of experts involved, as discussed in their response to Numbers 6 and 7 above. As such, the parties request that the Plaintiffs' deadline to furnish expert witnesses be set at the close of fact discovery and that Defendant's deadline to furnish expert witnesses be set 45 days thereafter. The parties also request that the last day to file motions be set to 30 days after the close of expert discovery.

9.    If the case involves electronic discovery,

   a.    State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

   The parties believe an agreement governing the preservation, disclosure, and discovery of electronically stored information ("ESI") will be necessary in this case. Plaintiffs will provide a draft ESI protocol to Defendant by the filing of this Rule 26(f) report. The parties will thereafter meet and confer regarding the draft and expect to file a proposed agreed Order with the Court, or inform the Court of any outstanding points of disagreement.

   b.    Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement: N/A

10.    If the case is known to involve claims of privilege or protection of trial preparation material,

   a.    State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

   The Parties will agree to, and request that the Court approve, a protective order governing the confidentiality and disclosure of protectable information that may be disclosed in discovery, and which will include a claw-back provision.

   b.    Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters): N/A

   c.    Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement: N/A

11.    State any other matters the Court should include in its scheduling order:

   Plaintiffs and Defendant do not believe that any other matters need to be included in the Court's scheduling order.

12.    The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

The parties are open to good faith settlement negotiations, but believe that negotiations will likely be more productive after the Court rules on Defendant's Motion to Dismiss and after initial discovery related to the strengths and weaknesses of the parties' respective claims and defenses has been produced.

This 1st day of October, 2021.

Signed:  /s/ Michael W. Ovca

*Attorney for Plaintiffs*

Signed:  /s/ Meghan Rohling Kelly (with permission)

*Attorney for Defendant*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, a copy of the foregoing ***Rule 26(f) Report*** was filed with the Clerk of Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

/s/ Michael W. Ovca