IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KENDALL PATIENT RECOVERY U.S., LLC, a Delaware limited liability corporation,<br><br>    Defendant. | Civil Action File No.<br><br>1:21-cv-00112 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant Kendall Patient Recovery U.S., LLC ("KPR") has requested to stay all discovery pending the resolution of its motion to dismiss. (Dkt. 21.) KPR, as the moving party, bears the burden of showing both that (i) good cause exists to stay discovery and (ii) a stay is reasonable. To establish that good cause exists, KPR must establish that its motion to dismiss is clearly meritorious and truly case dispositive. To show a discovery stay is reasonable, KPR must demonstrate that it would not impede the Court's responsibility to expedite discovery, create case management problems, or cause unnecessary litigation expense. KPR has failed to meet its burden with respect to these requirements.

    First, KPR's pending motion to dismiss, (Dkt. 10), will not entirely dispose of the case and eliminate the need for discovery. KPR asserts that Plaintiffs failed to allege a sufficient causal link between Plaintiffs' injuries and KPR's conduct to meet Article III's requirements.

1

However, as explained in Plaintiffs' response to KPR's motion to dismiss, Plaintiffs have alleged everything they need to show Article III standing. (*See* Dkt. 23 at 5-8). And, fundamentally, even if the Court were to find Plaintiffs lack Article III standing, Plaintiffs would refile their claims in state court. This means any discovery taken now would not be a wasted effort. And KPR's remaining attacks on the sufficiency of the allegations included in the pleadings do not otherwise demonstrate a likelihood of dismissal, much less a dismissal with prejudice. (*See generally*, Dkt. 23.)

Second, staying discovery would not be reasonable because it would likely result in prejudice to Plaintiffs and increase the length of discovery and litigation costs. Significant time has already elapsed since KPR's relevant conduct began, and further delay risks prejudice the Parties' ability to obtain complete and accurate discovery. This risk is particularly acute here, where Plaintiffs are experiencing serious illnesses, many of which are life-threatening. KPR, in contrast, fails to demonstrate that it will be subjected to such undue prejudice as to warrant a complete standstill of the discovery process. The proposed discovery schedule is lengthy even without accounting for an indefinite delay of any discovery. (Dkt. 22 at 3.) This schedule is built to allow months of basic fact discovery to occur before the comparatively more costly and time-intensive expert discovery. (*Id.*) It is not unreasonable that this initial discovery period be allowed to proceed now, not months from now.

For these reasons, and as discussed further below, KPR's motion to stay discovery should be denied, and discovery should be allowed to proceed.

## II.      ARGUMENT

Motions to stay discovery "are generally disfavored." *Massey v. Fed. Nat. Mortgage Ass'n*, No. CV412-102, 2012 WL 3685959, at *4 (S.D. Ga. Aug. 24, 2012). As the moving party,

KPR "bears the burden of showing good cause and reasonableness." *Hunt v. Fed. Deposit Insurance Corp.*, No. CV410-299, 2011 WL 683929, at *1 (S.D. Ga. Feb. 16, 2011) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

### A. KPR's motion to dismiss will not dispose of the entire case.

KPR has failed to establish that its motion to dismiss is clearly dispositive. A court should not grant a motion to stay discovery "unless resolution of the motion [to dismiss] will dispose of the entire case." *CSX Transportation, Inc. v. U.S.*, CV413-208, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014). KPR relies on two allegedly case-dispositive claims: (i) Plaintiffs lack standing to bring the case; and (ii) the pleadings are insufficient. Neither rationale is case-dispositive. Thus, the Court should decline KPR's invitation to stay discovery. *See, e.g.*, *Southern Motors Chevrolet, Inc. v. General Motors, LLC*, No. CV414-152, 2014 WL 5644089, at *3 (S.D. Ga. Nov. 4, 2014) (denying motion to stay discovery where motion to dismiss was "no slam-dunk").

#### 1. Plaintiffs have established Article III standing.

KPR's jurisdictional argument—that Plaintiffs did not sufficiently allege a link between their injuries and KPR's conduct, (Dkt. 10 at 4-8)—conflates Article III standing with the proximate cause element of a negligence claim. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n. 6 (2014) ("[P]roximate causation is not a requirement of Article III standing, which requires only that the plaintiff's injury be fairly traceable to the defendant's conduct."). Plaintiffs have alleged KPR's facility emitted thousands of pounds of carcinogenic ethylene oxide into the air that Plaintiffs, who lived and worked nearby, regularly breathed for years before developing illnesses associated with ethylene oxide. (*See* Dkt. 1 (the "Compl.") ¶¶ 23-137.) Plaintiffs have alleged how their injuries are traceable to KPR's conduct.

3

(*See* Dkt. 23 at 5-6.) And even if the Court were to find that Plaintiffs lack Article III standing, Plaintiffs could refile their claims in state court. Therefore, "any prejudice to [KPR] in engaging in discovery will be minor" as the anticipated discovery will be just as relevant there. *Great American Insurance Co. v. Watson*, No. 5:15-cv-32, 2015 WL 13021801, at *2 (S.D. Ga. Oct. 29, 2015) (denying defendant's motion to stay discovery pending resolution of a motion to dismiss). Because KPR's jurisdictional arguments are unlikely to dispose of the entire case—and even if successful would only shift the forum to state court—the Court should not grant KPR's requested discovery stay.

### 2.     KPR's 12(b)(6) challenges do not warrant staying discovery.

KPR's Rule 12(b)(6) arguments are equally unlikely to achieve complete dismissal of the case. For example, one of KPR's key contentions is that Plaintiffs' claims are barred by Georgia's two-year personal injury statute of limitations. (Dkt. 10 at 8-11). Four Plaintiffs allege injuries occurring in 2019—those claims cannot be dismissed as time-barred, (*see* Dkt. 23 at 20-21), and are not subject to dismissal on statute of limitations grounds. *See Clifton v. Jeff Davis County*, No. 2:16-cv-108, 2017 WL 2604256, at *3 (S.D. Ga. June 15, 2017) (denying defendant's motion to stay discovery when motion to dismiss would only partly dispose of the case). The remaining Plaintiffs' claims are also timely under applicable tolling doctrines. This case involves "'continuous torts,' where the plaintiff's injury developed from prolonged exposure to the defendant's tortious conduct." *Broughton v. United States*, No. CV408-248, 2010 WL 11534491, at *1 (S.D. Ga. Feb. 1, 2010). Thus, "[a] cause of action will not accrue ... until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. Ct. App. 1981). Plaintiffs allege

4

that they did not know that KPR's EtO emissions caused their injuries when they were initially diagnosed. (*See, e.g.*, Compl. ¶¶ 5, 16, 43). Whether a "plaintiff knew or through reasonable diligence should have discovered that his injury resulted from [defendant's] action before or after the two years preceding the filing of his suit" is a question for the ultimate trier of fact. *King*, 287 S.E.2d at 255. As KPR's statute of limitations arguments cannot be resolved—even as to Plaintiffs diagnosed before 2019—in a motion to dismiss, it will not dispose of the case and is not grounds for a discovery stay.[1]

The majority of KPR's remaining Rule 12(b)(6) arguments address perceived pleading deficiencies in the Complaint. (*See* Dkt. 10 at 14-24.) The allegations as currently pleaded meet the required standards. Plaintiffs allege KPR knowingly emitted EtO for decades, despite research demonstrating that EtO is toxic. (Compl. ¶¶ 26-31). Plaintiffs have also sufficiently alleged causation: KPR emitted EtO, Plaintiffs lived or worked near KPR's facility, and their illnesses are consistent with illnesses caused by EtO. (Compl. ¶¶ 48-137). KPR raises the specter of alternative possible causes of Plaintiffs' illnesses, and contends that KPR could not have foreseen the dangers EtO posed to its neighbors. (Dkt. 10 at 12-18). At another point, KPR argues Plaintiffs have not established to a scientific certainty that EtO is a carcinogen. (*See* Dkt. 10 at 15-16). However, these are factual disputes that discovery will shed additional light on and drive towards a resolution—for example, what KPR knew about the dangers of EtO and when it acquired that knowledge, and the medical history of Plaintiffs and other risk factors associated with their illnesses. At this stage though, and as explained in detail in Plaintiffs' opposition to KPR's motion to dismiss, Plaintiffs have sufficiently alleged each of their claims to withstand

---

[1] KPR contends that one Plaintiff's claims are barred by Georgia's Workers' Compensation statute. (Dkt. 10 at 8.) While Plaintiff Alopecia Armstrong claims are not barred because breast cancer is not an "occupational disease" within the meaning of O.C.G.A § 34-9-289, (Dkt. 23 at 23-24), even were this argument to succeed, it would not dispose of the entire case.

KPR's Rule 12(b)(6) arguments. (*See* Dkt. 23 at 9–20) (explaining how allegations in the Complaint sufficiently plead negligence, willful and wanton misconduct, nuisance, and ultrahazardous activity claims.) And even if the Court were to find any of these allegations lacking, Plaintiffs could remedy them by simply filing a corrective pleading, meaning KPR would still be subjected to discovery it is seeking to stay now.

      **B.**      **A discovery stay of an indeterminable length is unreasonable.**

KPR has not demonstrated that granting a stay of all discovery in this case would be reasonable. *See Hunt*, 2011 WL 683929, at *1 (recognizing that moving party must show a stay is reasonable). Significant time has already elapsed since the events began that caused Plaintiffs' injuries, and further delay will necessarily result in further prejudice to the Plaintiffs' case. *See Great American Insurance Co.*, 2015 WL 13021801, at *2 (denying a motion to stay discovery due to prejudice to the plaintiff because of a delay of discovery); *see also Clifton*, 2017 WL 2604256, at *3 (denying motion to stay discovery, noting "given the amount of time that has already passed since the events giving rise to Plaintiff's claims, there is a danger that additional delay will prejudice the Parties' ability to obtain full and accurate discovery."). As Plaintiffs are suffering from serious, life-threatening illnesses, any delay is especially impactful. Conversely, KPR has not shown that it will be prejudiced if fact discovery commences before a ruling on the motion to dismiss. (Dkt. 10). The Parties have requested that discovery be conducted in stages, beginning with fact discovery while saving expert discovery—which will potentially be more burdensome and costly—until much later. (Dkt. 22 at 3.) Allowing the initial discovery process to play out, so that the Parties can conduct basic discovery regarding the claims, is not unreasonable.

### III.   CONCLUSION

Because KPR has failed to carry its burden of establishing that a stay of discovery is warranted, the Court should deny KPR's motion in its entirety and allow discovery to continue.

Respectfully submitted,

**LORETTA BROWMAN et al.,**

Date: October 14, 2021

By: /s/ Michael W. Ovca
    One of Plaintiffs' Attorneys

Benjamin H. Richman*
brichman@edelson.com
Michael Ovca*
movca@edelson.com
**EDELSON PC**
350 North Lasalle, 14th Floor
Chicago, IL 60654

Charles C. Bailey
charlie.bailey@cookconnelly.com
Sutton Connelly
sutton.connelly@cookconnelly.com
**COOK & CONNELLY, LLC**
750 Piedmont Ave, NE
Atlanta, Georgia 30308

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on October 14, 2021, a copy of the foregoing *Plaintiffs' Opposition to Defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss* was filed with the Clerk of Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

/s/ Michael W. Ovca