IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN, et al.<br><br>　　　Plaintiffs<br><br>v.<br><br>KENDALL PATIENT RECOVERY U.S., LLC<br><br>　　　Defendant | Civil Action File No.<br><br>1:21-cv-00112<br><br>Honorable Judge Randal Hall |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

Defendant Kendall Patient Recovery U.S., LLC ("KPR") files its reply in support of its motion to stay discovery during the pendency of its motion to dismiss Plaintiffs' Complaint, as follows:

**A.    The Court can enter a stay to avoid wasting judicial and private resources.**

District courts have broad discretion in managing pretrial discovery matters, such as whether to stay discovery under Rule 26(c) of the Federal Rules of Civil Procedure pending resolution of a motion to dismiss. *See Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has emphasized "the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the court's ability to administer justice." *Id.* (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002)). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Id.*

Plaintiffs cite a single case for the notion that "[m]otions to stay 'are generally disfavored.'" (DE 24 at 2 (quoting *Massey v. Fed. Nat'l Mort. Ass'n*, No. CV 412-102, 2012 WL 3685959 (S.D.

Ga. Aug. 24, 2012).) However, the overwhelming weight of binding authority is in favor of a stay pending resolution of a motion to dismiss.

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (internal punctuation omitted) (quoting *Chudasama*, 123 F.3d at 1367). Even in *Massey*, cited by Plaintiffs, the court granted the motion to stay, finding that the pending motion to dismiss "pack[ed] considerable heft and may dispose of th[e] case in its entirety, obviating the need for further discovery." *Massey*, 2012 WL 3685959 at *2. Moreover, the court stated that, even if the motion to dismiss did not end the case, the court was nevertheless "satisfied that the scope of discovery will be substantially limited" by the motion to dismiss. *Id.* Therefore, Plaintiffs' own case law supports entry of a stay here.

**B.     KPR has shown good cause for and reasonableness of a stay of discovery.**

A party seeking a stay of discovery "has the burden of demonstrating why a stay should issue." *Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Ga.*, No. 5:19-cv-109, 2020 WL 3621319, at *3 (S.D. Ga. Jul. 2, 2020) (quoting *Carapella v. State Farm Fla. Ins. Co.*, No. 8:18-cv-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018). The moving party satisfies this burden by "showing good cause and reasonableness." *Smith v. Serenity Hospice Care, LLC*, No. CV 313-001, 2014 WL 4269063 (S.D. Ga. Aug. 28, 2014).

**1.     KPR has shown good cause to stay discovery to avoid unnecessary costs and waste of judicial resources.**

Courts consistently find good cause to stay discovery pending resolution of a motion to dismiss to avoid unnecessary costs to the parties and a waste of judicial resources. *See, e.g.*, *Clifton v. Jeff Davis Cnty., Ga.* No. 2:16-cv-108, 2016 WL 11720189, at *1 (S.D. Ga. Aug. 23, 2016);

2

*Quarterman v. City of Walthourville, Ga.*, No. 4:20-cv-6, 2020 WL 8879465 (S.D. Ga. Apr. 2020); *see also Chudasama v. Mazda Motor Corp.* 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Court rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")). In light of KPR's motion to dismiss all of Plaintiffs' claims, KPR has shown good cause to stay discovery. Plaintiffs' arguments to the contrary are based on two false premises: (1) that KPR must show that its motion to dismiss will prevail and (2) that KPR's motion will not dispose of the entire case.

First, establishing good cause for a stay is not tantamount to prevailing on the motion to dismiss before it is ripe for the court's consideration. In evaluating whether good cause exists for a stay, the Court may take a "preliminary peek" at KPR's motion to dismiss to consider "the likelihood that the motion will be granted." *Parson v. Ga. Dep't of Natural Res.*, CV420-328 (S.D. Ga. Mar. 17, 2021). "Likelihood" does not mean "certainty," however. Instead, the Court should assess whether the motion is "clearly meritorious," *i.e.*, "nonfrivolous." *See, e.g.*, *id.* (granting motion to stay because the court was satisfied that the defendant "asserted a nonfrivolous argument" in its dispositive motion); *Taylor v. Ga. Power Co.*, No. 2:15-cv-006 (S.D. Ga. Dec. 17, 2015) (granting a stay because the defendants raised "meritorious challenges to the legal sufficiency" of the complaint, based on arguments that were not "so frivolous or non-meritorious" to support a conclusion that they were interposed for delay); *SP Frederica, LLC v. Glynn Cnty.*, No. 2:15-cv-73, 2015 WL 5242830 (S.D. Ga. Sep. 8, 2015) (same). Although Plaintiffs argue that KPR will not prevail on its motion to dismiss, and they briefly recite their arguments in opposition to dismissal, Plaintiffs do not, and cannot, suggest that KPR's arguments for dismissal are frivolous. (*See* DE 24 at 3-6.)

3

Second (and similarly), KPR need not establish that it will prevail on each of Plaintiffs' claims to show that its motion to dismiss is "truly case dispositive." Instead, the relevant question is whether KPR has filed a motion to dismiss all claims, rather than a partial motion to dismiss. For example, in *Clifton*, cited by Plaintiffs, the court denied the defendants' motion to stay because defendants had only filed a motion for partial dismissal, and "courts typically base the stay of discovery on a finding that the dispositive motion could dispose of the entire case or significantly alter the scope of discovery." 2017 WL 2604256 at *3. Here, KPR has filed a motion to dismiss <u>all</u> of Plaintiffs' claims, and if the motion is granted, it will resolve the entire case and eliminate the need for any discovery. *See Brantley County*, 2020 WL 3621319 at *3-4 (a stay of discovery was appropriate where the pending motion to dismiss, if granted, would dispose of the entire action).[1]

Plaintiffs also argue that KPR's motion to dismiss will not dispose of the entire case because, even if KPR prevails, Plaintiffs will simply refile or amend their complaint, and KPR will face the same discovery burdens as a result. (DE 24 at 4, 6.) But this argument hinges on too many contingencies to be credited.

For example, with respect to KPR's 12(b)(1) arguments, Plaintiffs assert that, "even if the Court were to find that Plaintiffs lack Article III standing, Plaintiffs could refile their claims in

---

[1] Additionally, this Court has determined that a stay of discovery may be appropriate, even when the motion to dismiss would not resolve all claims, if it would significantly narrow and focus the scope of discovery. *See, e.g.*, *Rehrig Pacific Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 318-055, 2018 WL 8244007 (S.D. Ga. Dec. 6, 2018) (stay of discovery was appropriate because, if the defendants prevailed on their motion to dismiss "the extent and scope of discovery w[ould] likely be narrowed"); *Cooper v. Mayor and Alderman of the City of Savannah*, No. CV416-329, 2017 WL 778068 (S.D. Ga. Feb. 28, 2017) (entering stay when dispositive motion "may well resolve this case entirely if not considerably narrow its scope); *Roberts v. Wells Fargo Bank, N.A.*, No. CV412-200, 2013 WL 12156804 (S.D. Ga. Jan. 22, 2013) (stay was appropriate because dismissal motions "may extinguish at least some of plaintiff's claims," "potentially restricting the scope of discovery significantly").

state court;" consequently, Plaintiffs conclude, "any prejudice to KPR in engaging in discovery will be minor as the anticipated discovery will be just as relevant" in an already-contemplated state court action. (*Id.* at 4.) However, Plaintiffs' argument depends on their supposition that their claims would survive a motion to dismiss under O.C.G.A. § 9-11-12. Moreover, Georgia law automatically stays discovery for 90 days after the filing of a motion to dismiss. O.C.G.A. § 9-11-12(j). Therefore, it is not guaranteed that Plaintiffs would get <u>any</u> discovery in a subsequent state court action, and certainly not immediately upon filing.

Similarly, with respect to KPR's 12(b)(6) arguments, Plaintiffs argue that, if their allegations do not state a claim, "Plaintiffs could remedy them by simply filing a corrective pleading, meaning KPR would still be subject to discovery it is seeking to stay now." (DE 24 at 6.) However, at this point, Plaintiffs cannot amend their complaint as a matter of right, *see* Fed. R. Civ. P. 15, and they have not requested leave to amend in response to KPR's motion to dismiss. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) (a party cannot await a ruling on a motion to dismiss before filing a motion for leave to amend). Thus, Plaintiffs are not guaranteed discovery regarding claims in an amended complaint.

There is no basis for Plaintiffs' presumption that KPR will inevitably bear the costs and burden of responding to discovery requests. KPR has shown good cause for a stay of discovery to avoid unnecessary costs and burdens on the Court and the parties.

**2.  KPR has shown that a stay during the pendency of its motion to dismiss is reasonable.**

To determine whether a stay is reasonable, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Ga.*, No. 5:19-cv-109, 2020 WL 3621319, at *3 (S.D. Ga. Jul. 2, 2020); *see also Bearden v. E.I. du Pont de*

5

*Nemours and Co.*, No. 5:16-CV-158LJA, 2016 WL 11301378, at *1 (M.D. Ga. Nov. 2, 2016) ("To determine whether a stay is appropriate, the Court must conduct a balancing test."). Here, a brief stay pending resolution of the motion to dismiss is reasonable, and any conceivable harm to Plaintiffs "is dwarfed by the potential benefits of preserved time, effort, and resources." *See Bearden*, 2016 WL 11301378 at *2.

Plaintiffs have not articulated any rational basis for finding they will be prejudiced by the stay. They appear to argue that, because they waited so long to bring a lawsuit for their injuries—decades for some Plaintiffs—a brief delay in beginning discovery will "necessarily result in further prejudice to the Plaintiffs' case." (DE 24 at 6.) However, any prejudice due to delay rests primarily—if not entirely—on Plaintiffs.

Plaintiffs claim that, because they "are suffering from serious, life-threatening illnesses, any delay is especially impactful." (DE 24 at 6.) With respect to many Plaintiffs, this statement is not even true, since their alleged exposures, diagnoses, and treatments date back decades. For example, Ms. Browman claims that her alleged injury was diagnosed in 2011, Ms. Betts claims that her alleged injury was diagnosed in 2000, and Ms. Bell claims that her alleged injury was diagnosed in 1988. (DE 1 ¶¶ 48, 50, 72, 74, 93, 95.)

Moreover, Plaintiffs have not identified what discovery or evidence they believe will be lost during a stay of a few weeks (or even months) that would not already have been lost in the years and decades since their alleged exposures and injuries. Expressing "a need for discovery in conclusory fashion" is not sufficient to show prejudice resulting from a stay, since "this concern is present in all cases where a stay is sought." *Brantley*, 2020 WL 3621319 at *3. The "intangible and nominal harm produced by the delay in discovery process" does not outweigh the significant

6

costs and burdens to the defendant to proceed with discovery on claims that may be dismissed. *Id.* at *4.

Finally, Plaintiffs attempt to minimize the burden of discovery on KPR by noting that the parties intend to engage in fact discovery first, while saving the "potentially more burdensome and costly" expert discovery "until much later." (DE 24 at 6.) Therefore, Plaintiffs conclude, allowing "basic discovery" to "play out" "is not unreasonable." (*Id.*) But Plaintiffs do not give examples or otherwise explain what they mean by "basic discovery," and the assertion that it is not unreasonable is far-fetched in light of Plaintiffs' allegations.

For example, Plaintiffs allege that KPR—an entity that did not exist until 2017—is liable for conduct dating back to 1968 and injuries dating back to 1988. (*See* DE 1, ¶¶ 14, 108-109.) No doubt, Plaintiffs' purported "basic discovery" will include requests for paper documents and ESI dating back decades, despite Plaintiffs' failure to allege any facts (or even a legal theory) showing that KPR can be held liable for conduct and injuries predating its existence.[2] (*See id.*) KPR would face an extraordinary burden and expense to determine whether documents dating back 30-50 years even exist, either as paper records or ESI, much less whether they are within the control of KPR or, conceivably, a prior owner with which KPR has no affiliation. Plaintiffs' characterization of this as "basic discovery" is a gross understatement. Moreover, no discovery—basic or otherwise—would be reasonable on claims that are subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (plaintiffs must state a plausible claim in order to "unlock the doors of discovery").

---

[2] Additionally, KPR's initial research of public documents indicates that the prior owner of the facility filed for bankruptcy in 1992, meaning that some of Plaintiffs' claims may have been discharged long before the formation of KPR in 2017.

4860-6434-9696.1

A stay of discovery is reasonable. Plaintiffs have not identified any prejudice to them resulting from a brief stay, and certainly not any prejudice significant enough to outweigh the burden to KPR of engaging in discovery on claims that will be dismissed.

## Conclusion

KPR has shown good cause for a stay of discovery pending resolution of its motion to dismiss all of Plaintiffs claims, and it has demonstrated that such a stay is reasonable. Therefore, KPR respectfully requests that the Court grant its motion to stay discovery during the pendency of its motion to dismiss Plaintiffs' Complaint.

Dated: October 28, 2021

Respectfully submitted,

By: */s/ Barry A. Fleming*
Barry A. Fleming
GA Bar Number 262945
bfleming@flemingnelson.com
**FLEMING & NELSON, LLP**
631 Ronald Reagan Drive
P.O. Box 2208
Evans, Georgia 30809

Meghan Rohling Kelly
mkelly@bakerlaw.com
(*Admitted Pro Hac Vice*)
**BAKER & HOSTETLER, LLP**
2929 Arch St., 12th Floor
Philadelphia, PA 19104

S. Derek Bauer
Georgia Bar No. 042537
(*Admitted Pro Hac Vice*)
dbauer@bakerlaw.com
**BAKER & HOSTETLER, LLP**
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309

*Attorneys for Defendant Kendall Patient Recovery U.S., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification by email of such filing to counsel of record.

This 28th day of October, 2021.

/s/ *Barry A. Fleming*
Barry A. Fleming
GA Bar Number 262945