IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORETTA BROWMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 121-112 |
| | ) | |
| KENDALL PATIENT RECOVERY U.S., LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Defendant moves to stay discovery pending resolution of its motion to dismiss all of Plaintiff's claims. (Doc. nos. 21, 29.) Plaintiffs oppose the motion. (Doc. no. 24.) For the reasons explained below, the Court **GRANTS** the motion to stay.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendant, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, if the presiding District Judge dismisses even some of the claims, the scope of discovery may be drastically limited. It makes little sense to forge ahead with full

discovery in this context because of the substantial risk that much time and money could be wasted. This is especially true here in light of the number of Plaintiffs and the scope of factual allegations and claims, as well as the parties' description of the extensive and complex discovery that will be needed, (doc. no. 22, ¶¶ 6-8). See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **GRANTS** Defendant's motion, (doc. no. 21), and **STAYS** all discovery pending resolution of Defendant's motion to dismiss. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling. The Court **DIRECTS** the **CLERK** to terminate the motion associated with the 26(f) Report. (Doc. no. 22.)

SO ORDERED this 29th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA