**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

LORETTA BROWMAN, EVELYN
ARMSTRONG, TIEESE SMITH,
DEWAYNE WILLIAMS, VICTORIA
SNOW, RONALD LAMPKIN, BARBARA
BETTS, SHERRY HOLES, FELICIA
LAMBERT, TERESSA TAYLOR,
MICHAEL DUNN, ALOPECIA
ARMSTRONG, PATRICIA BELL,
BERNICE WILKINS, ANNIE WILLIAMS,
CAROLYN WASHINGTON, SCHUYLER
KNIGHT, CLARISSA COLEMAN,
CHARLES JONES, MARK PUGH,
SABRINA WATKINS, and SUSAN
DENICE KELLY,

        *Plaintiffs*,

        v.

KENDALL PATIENT RECOVERY U.S.,
LLC, a Delaware limited liability corporation,

        *Defendant*.

Civil Action No. 1:21-cv-112-JRH-BKE

## KPR'S OPPOSITION TO PLAINTIFFS SABRINA WATKINS, SUSAN KELLY, AND ALOPECIA ARMSTRONG'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT

      The Court rightfully dismissed Plaintiffs' claims on Rule 12(b)(6) grounds for failure to state a claim upon which relief can be granted. The Court dismissed the claims of the moving Plaintiffs—Sabrina Watkins, Susan Kelly, and Alopecia Armstrong ("Plaintiffs")— as barred by the statute of limitations because Plaintiffs failed to allege when they discovered their injuries or why through the exercise of reasonable diligence they were unable to discover the link between their alleged injuries from ethylene oxide ("EtO") and Defendant Kendall Patient Recovery ("KPR")'s operations. Now, after more than a year of litigation and a final judgment from the

Court dismissing their claims, Plaintiffs move to alter or amend the judgment and for leave to file an Amended Complaint.

Plaintiffs fail to meet the standard for reconsideration in Rule 59(e) because they identify no error of law or fact in the Court's decision and identify no newly discovered facts in their proposed Amended Complaint. The Court should not afford Plaintiffs an opportunity to supplement their claims with facts they knew or should have known at the time they filed their original Complaint. But even if the Court accepts all the new allegations in their proposed Amended Complaint as true, the Court should still deny Plaintiffs' motion because Plaintiffs still cannot plead a viable claim for negligence. The Court should deny Plaintiffs leave to file an Amended Complaint because the request to amend is futile, unduly delayed, and prejudicial.

## BACKGROUND

Plaintiffs filed their Complaint on July 19, 2021. (Doc. 1.) Shortly thereafter, Defendant KPR filed a motion to dismiss on September 7, 2021. (Doc. 10.) KPR argued that "Plaintiffs' claims for injuries prior to August 3, 2019 are time-barred" under the two-year statute of limitations because Plaintiffs failed to allege when they discovered the cause of their alleged injuries or when through the exercise of reasonable diligence they could have discovered the cause of their alleged injuries. (*Id.* at 9.)

On September 23, 2022, the Court granted KPR's motion to dismiss and recognized that the deficiencies in Plaintiffs' pleading barred their claims. The Court explained that "it is Plaintiffs' responsibility to demonstrate tolling is appropriate," but "[t]here are no allegations that reasonable diligence could not have uncovered the cause of Plaintiffs' injuries." (Doc. 37 at 17–18.) The Court focused not just on the absence of allegations about when Plaintiffs actually discovered a link between their injuries and KPR's allegedly negligent conduct, but also on the absence of

allegations that Plaintiffs could not have discovered this link through the exercise of reasonable diligence. On those grounds, the Court entered final judgment and "ORDERED that Defendant's motion to dismiss [] is GRANTED and this matter is DISMISSED. Specifically, Plaintiffs Watkins, Kelly, and Armstrong's claims are dismissed with prejudice     " (*Id.* at 34.)

Plaintiffs have only now decided to request leave to amend the Complaint after more than a year of litigation and the Court's entry of final judgment. (Doc. 39.) Plaintiffs allege in the proposed Amended Complaint that "reasonable diligence could not have uncovered the cause of Plaintiffs' injuries until sometime after July 19, 2019," and that "Plaintiffs did not discover that EtO was dangerous or that they had been exposed to excessive levels of EtO on Defendant's premises until sometime after the publication of an article     published jointly by WebMD and Georgia Health News on July 19, 2019     " (*Id.*, at 4.) Despite omitting these allegations from the original Complaint, Plaintiffs allege in the proposed Amended Complaint that they did not discover the cause of their injuries until each of them independently came across the exact same news article. (Doc. 39-1 ¶ 40 (Armstrong alleging she received the article from a friend), ¶ 47 (Watkins alleging she received the article from her mom), ¶ 54 (Kelly alleging she found the article on her own).) Plaintiffs' reasons for moving to file an Amended Complaint post-judgment are not based on any newly discovered facts. By their own admission, each Plaintiff alleges that they knew these facts long before the Complaint was filed, long before KPR's motion to dismiss was filed, and long before the Court entered final judgment. Accordingly, Plaintiffs fail to meet the standard required for reconsideration of the Court's judgment under Rule 59(e). But even if the Court chooses to consider Plaintiffs' Amended Complaint, Plaintiffs' motion should still be denied because not even their revised allegations are sufficient to plead a cause of action against KPR.

**LEGAL STANDARD**

Even before final judgment, "a district court has great discretion when deciding whether to grant a motion for leave to amend a complaint following the filing of responsive pleadings." *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1314–15 (11th Cir. 2002). Once post-judgment, the threshold for obtaining leave to amend the complaint is even higher because a "plaintiff who seeks leave to amend must do so via Rule 59(e)" and such a motion should be denied when the plaintiffs fail to "reference any newly-discovered evidence." *David Johnson Constr. Co. v. Clearing Consulting, Inc.*, 722 F. App'x 934, 936 (11th Cir. 2018) (alterations accepted). "[A] motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (citation omitted).

**ARGUMENT**

**I.   Plaintiffs Do not Meet the Standard for Modification of a Judgment under Rule 59(e).**

The Court should deny Plaintiffs' Motion because they fail to meet the requirements for relief under Rule 59(e). Plaintiffs fail to meet the standard under Rule 59(e) because they do not identify any newly-discovered evidence or any "manifest" errors of law or fact by the Court in its decision dismissing their claims with prejudice. *See Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)) (internal quotation marks omitted); *Jolley v. Donovan*, No. CV 210-097, 2011 WL 6400306, at *2 (S.D. Ga. Dec. 19, 2011) (Wood, J.). Plaintiffs do not identify any errors by the Court in their Motion, let alone "manifest" errors threatening the fair administration of justice. Nor do Plaintiffs identify any new evidence that has recently come to their attention that bolsters their claims. *See CMR Const. & Roofing , LLC v. UCMS, LLC*, No. 21-11183, 2022 WL 3012298, at *8 (11th Cir. July 29, 2022) (explaining

that because the plaintiff failed to show that belatedly presented facts were newly discovered, the plaintiff could not rely on that as a ground for reopening the case). But in a last ditch effort to avoid dismissal, Plaintiffs seek to introduce new facts in their proposed Amended Complaint that were available at the time they originally filed the Complaint. (Doc. 39 at 3–4.) The Eleventh Circuit has repeatedly rejected such a gambit in the context of a Rule 59(e) motion. *CMR*, 2022 WL 3012298, at *8; *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010); *Arthur*, 500 F.3d at 1342–43; *see also David Johnson*, 722 F. App'x. at 937 (affirming the district court's denial of Rule 59 motion that "[sought] merely to supplement claims the court previously found to be insufficiently pleaded[.]").

Plaintiffs argue they should be entitled to the same standard for amendment of their complaint under Rule 59(e) as Rule 15. But "Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs*, 626 F.3d at 1344. Following a judgment, a "plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Id*. at 1344–45.[1]

Plaintiffs put the cart before the horse in arguing that the Court should simply allow them to file an Amended Complaint and apply Rule 15's liberal pleading standard. (Doc. 19 ¶ 4.) The Eleventh Circuit does not permit plaintiffs to simply amend complaints post-judgment without demonstrating the other requirements of Rule 59(e) have been met. *See David Johnson*, 722 F. App'x at 937 (denying Rule 59(e) motion where, as here, Plaintiff simply amended complaint and argued that claims survived dismissal). Moreover, contrary to Plaintiffs' arguments their Amended

---

[1] If a court determines a plaintiff meets the requirements of Rule 59(e), then the court may determine that the party is entitled to amend its pleading, but the amended complaint must still be judged against futility. *CMR*, 2022 WL 3012298, at *8 (citing *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984)).

Complaint should be afforded the same deference as if it had been filed a year earlier as a Rule 15 motion, the Court's decision dismissing their claims with prejudice does have an effect. (Doc. 39 at 3–5.) After judgment, "concerns of finality become more compelling," *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985), because the interest of liberality in pleading "must be tempered by considerations of finality." *Hill v. Green*, No. 2:19-CV-29, 2020 WL 2517327, at *1 (S.D. Ga. May 15, 2020) (Wood, J.); *see also Nam Dang v. Sheriff of Seminole Cnty., Fla.*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 13541147, at *1 (M.D. Fla. Oct. 15, 2015) (holding that "granting a motion to amend or alter a judgment is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources" (citations and quotation marks omitted)). But even if the Court applies the standard for amendment of pleadings in Rule 15 to Plaintiffs' revised claims, the Court should still deny Plaintiffs' Motion because amendment of the Complaint is futile, untimely, and prejudicial.

## II.   Plaintiffs' Motion Should Be Denied Because Amendment Is Futile.

Plaintiffs' motion seeking leave to file an Amended Complaint should be denied because the allegations in the proposed Amended Complaint are still inadequate to withstand a motion to dismiss. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *see also Wedemeyer v. Pneudraulics, Inc.*, 510 F. App'x 875, 878 (11th Cir. 2013) ("Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); *Evans v. Alston*, No. CV 118-067, 2018 WL 4924549, at *1 (S.D. Ga. Oct. 10, 2018) (denying motion to amend because the proposed amended complaint "does not remedy the problems" of the earlier complaint) (Hall, C.J.). When "it appears

Plaintiff is attempting to fix each pleading deficiency as the Court points it out," even Rule 15 does not provide "an unqualified license to fix every new defect as the court uncovers them." *Evans*, 2018 WL 4924549, at *1. Plaintiffs' proposed amendment is futile because (A) the amended claims are still barred by the statute of limitations, and (B) the amended claims are preempted by Georgia's worker's compensation law.

> **A.   Plaintiffs' Amended Complaint Is Futile Because Their Claims Are Still Barred By The Statute of Limitations.**

Plaintiffs' proposed Amended Complaint is futile because "nothing in the amended complaint cure[s] the statute of limitation deficiency that plagued the original complaint." *Johnson v. Ga. Dep't of Veterans Serv., et al.*, 791 F. App'x 113, 116 (11th Cir. 2019); *see also Jones v. Ga. Dep't of Corrs.*, 763 F. App'x 906, 907 (11th Cir. 2019) (affirming denial of motion to amend because the statute of limitations still barred the claims). As this Court has already recognized, the discovery rule in Georgia provides that "the statute of limitations will not run until Plaintiffs knew, or through the exercise of reasonable diligence should have discovered, not only their injuries but also the causal connection between their injuries and the negligent conduct." (Doc. 37 at 17.) Plaintiffs' proposed Amended Complaint provides further allegations about when the Plaintiffs actually knew of the alleged causal connection between their injuries and the alleged negligent conduct. The article cited as providing Plaintiffs with knowledge of their claims was published almost exactly two years before Plaintiffs filed this lawsuit. (*See* Doc. 39-1 ¶¶ 36–56.)

But Plaintiffs' additional allegations about uncovering the WebMD and Georgia Health News article published on July 19, 2019, are still insufficient to rescue their dismissed claims because Plaintiffs do not provide adequate allegations about why, through the exercise of reasonable diligence, they could not have discovered the causal connection between their injuries and the allegedly negligent conduct sooner. To the contrary, Plaintiffs emphatically plead that

"[e]xposure to EtO has been widely studied and its negative health effects well documented," (*Id.*
¶ 23), and that reports about the health risks associated with EtO have been available for decades.
Indeed, these reports were available decades before the Plaintiffs even began working at KPR.
(*See id.* ¶ 17 (alleging that the risks of occupational exposure to EtO were published in a 1977
article); ¶ 18 (alleging that a 1981 report identified EtO as a potential occupational carcinogen);
¶ 19 (alleging that the 1981 report from NIOSH "was widely disseminated"); ¶ 20 (alleging that
the DHHS published a report in 1985 that classified EtO as a likely human carcinogen); ¶ 21
(alleging that in the early 1990s, NIOSH published a study finding a causal link between exposure
to EtO and various health risks); ¶ 22 (alleging that the WHO listed EtO as a human carcinogen in
1994).) Plaintiffs also allege that the "EPA maintains a Toxics Release Inventory ('TRI') which
includes annual self-reported emissions data from industrial facilities using EtO and other toxic
chemicals that pose a threat to human health and the environment." (Doc. 39-1 ¶ 30.) Plaintiffs
appear to be trying to have it both ways: claiming that KPR should have been aware of all these
reports on the risks of EtO for decades, but that they themselves could not have had notice of the
causal connection between their alleged injuries and EtO exposure until publication of a single
news article in July 2019. Nor did the July 2019 article cited by Plaintiffs include any new
information they could not have located through reasonable diligence. In fact, the July 2019
article's statements about EtO risk specific to Georgia were all expressly based on the 2014 NATA
published by EPA on August 22, 2018. (*Id.* ¶¶ 40, 47, 54; EPA, 2014 National Air Toxics
Assessment:  Fact  Sheet,  https://www.epa.gov/sites/default/files/2018-
08/documents/2014_nata_overview_fact_sheet.pdf.) EPA publicly estimated risk for the census
tracts including and surrounding the KPR facility in 2018, almost three years prior to Plaintiffs'
Complaint.

Importantly, all three employees allege they worked at KPR's EtO sterilization facility at various times between 1989 and 2004 (Doc. 39-1 ¶¶ 36, 43, 50), long after the information about EtO's risks, *cited in Plaintiffs' own Amended Complaint*, was publicly available. *See, e.g.*, *Kennedy v. Campbell Soup Co., Inc.*, No. 1:09-CV-2295-WSD, 2010 WL 11507015, at *2 (N.D. Ga. Jan. 19, 2010) (recognizing that a plaintiff was not reasonably diligent when the plaintiff "did not consult readily available references"). Plaintiffs effectively plead themselves out of court by alleging that the risks from EtO exposure were well-documented and publicly available for years, especially for those, like Plaintiffs, who worked in the medical sterilization industry. "A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances . . . ." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016); *see also Mesones v. Estevez*, No. 19-14119, 2021 WL 3721324, at *4 (11th Cir. Aug. 23, 2021) ("Plaintiffs may also plead themselves out of court by alleging facts inconsistent with the timeliness of bringing their claims.") (alterations accepted, quotation marks omitted). Accordingly, Plaintiffs' motion to amend the Complaint should be denied as futile.

**B.      Plaintiffs' Amended Complaint Is Futile Because Their Claims Are Barred Under Georgia's Workers' Compensation Act.**

Plaintiffs' claims are also futile because they are preempted by the Georgia's Workers' Compensation Act ("WCA"), O.C.G.A. § 34-9-289. The WCA is the exclusive remedy for employees seeking redress for work-related injuries, including "occupational disease[s]." *Id.*; O.C.G.A. § 34-9-280(2); *Kellogg Co. v. Pinkston*, 558 S.E.2d 423, 424 (Ga. Ct. App. 2001) (an employee subject to the WCA "is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from intentional misconduct on the part of the employer."); *DeKalb Collision Ctr., Inc. v. Foster*, 562 S.E.2d 740, 745 (Ga. Ct. App. 2002) (the WCA "is to be liberally construed") (citation omitted). The exclusivity provision of the WCA

applies irrespective of whether the injuries are actually compensable. *See Zaytzeff v. Safety-Kleen Corp.*, 473 S.E.2d 565, 567 (Ga. Ct. App. 1996) ("That an injury is not compensable under the Act does not necessarily mean it is not within the purview of the Act for purposes of the exclusivity provisions.") (citing *Johnson v. Hames Contracting*, 431 S.E.2d 455 (Ga. Ct. App. 1993)).

Plaintiff Armstrong alleges she worked at KPR's facility from 1990 to 1997. (Doc. 39-1 ¶¶ 5, 15, 25, 36.) Plaintiff Watkins alleges she worked at KPR's facility from 2002 to 2004. (*Id.* ¶¶ 5, 15, 25, 43.) And Plaintiff Kelly alleges she worked at KPR's facility from 1989 to 2003. (*Id.* ¶¶ 5, 15, 25, 50.) Plaintiffs all seek to recover for "physical injury by accident due to occupational disease" caused by exposure to EtO arising out of their employment, thus their claims are "barred by the exclusivity provisions of the Workers' Compensation Act." *Kellogg Co.*, 558 S.E.2d at 424–25. Plaintiffs attempt to broaden their alleged exposure to areas "in and around" the KPR facility (Doc. 39-1 ¶¶ 37, 44, 51), but there are no allegations that support their alleged exposures being anything but related to their employment with KPR. *See, e.g.*, *Fed. Ins. Co. v. Coram*, 98 S.E.2d 214, 215 (Ga. Ct. App. 1957) (holding that an injury can arise in the course of employment under the WCA when an employee is injured in an adjacent parking lot owned by the employer). Plaintiffs' claims remain subject to immediate dismissal, and therefore the proposed amendment of the Complaint is futile.

## III.   Plaintiffs' Motion Should Be Denied Because of Undue Delay.

Plaintiffs' motion to amend also should be denied because of their undue delay in requesting leave to file the Amended Complaint. *See Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578–79 (11th Cir. 1991). Where, as here, the new claims that the plaintiff "is attempting to assert are all based on the same facts known to plaintiff at the time the original

complaint was filed," the motion to amend should be denied for undue delay. *Max Warehousing, LLC v. L & P Materials Mfg., Inc.*, No. 1:08-CV-1330-GET, 2011 WL 13269796, at \*3 (N.D. Ga. Jan. 24, 2011); *see also Bivins v. Nationstar Mortg., LLC*, No. 1:16-CV-302-WSD, 2016 WL 3855549, at \*6 (N.D. Ga. July 14, 2016) (denying motion to file an amended complaint because the newly alleged "facts were known to Plaintiff at the time she filed her Complaint on December 29, 2015, and Plaintiff fails to explain why she could not have asserted these new theories of liability or additional facts in her Complaint. 'Such unexplained tardiness constitutes undue delay.'") (internal citation omitted).

Here, to avoid dismissal on statute of limitations grounds, Plaintiffs' proposed Amended Complaint alleges that Plaintiffs did not discover their alleged injuries until November 2019. But none of the new allegations in Plaintiffs' proposed Amended Complaint—including the alleged discovery of a link between their injuries and KPR's operations from a July 2019 article—are based on newly-discovered facts. To the contrary, Plaintiffs "had to know of the facts upon which the amendment was based at the time the complaint was filed." *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 n.7 (11th Cir. 1988) (quoting *Ferrell v. Busbee*, 91 F.R.D. 225, 231 (N.D. Ga. 1981)); *see also Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015) (holding that "allowing amendment of the complaint would cause undue prejudice to the defendants and excessive delay of the litigation" when the plaintiff "sought to amend his complaint based on facts already known to him before he filed suit"). As other courts in similar circumstances have recognized, "it is fairly obvious" when a plaintiff is simply attempting to resuscitate their dismissed case after a "motion to dismiss pointed out the flaws        The court will not be a party to such tactics. Plaintiff has not demonstrated that this motion to amend was not

served as a dilatory tactic, and offered no explanation for his failure to move for leave to amend [sooner]." *Ferrell*, 91 F.R.D. at 231. So too, here.

## IV.    Plaintiffs' Motion Should Be Denied Because It Is Prejudicial to KPR.

Allowing Plaintiffs another opportunity to litigate in federal court is also prejudicial to KPR because KPR will almost certainly be forced to defend itself in state court against the other non-moving plaintiffs already dismissed without prejudice from this action.[2] If Plaintiffs proceed in federal court on a negligence claim while other dismissed plaintiffs in *Browman* proceed in state court, KPR will be forced to litigate parallel cases, at great cost and effort, with the added risk of inconsistent rulings on discovery, evidence, and expert testimony, and possibly even conflicting judgments. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (recognizing that "the danger of parallel federal/state proceedings" include "inconsistent results and the waste of judicial resources"); *Jernigan v. City of Eufaula*, 123 F. Supp. 3d 1322, 1331 (M.D. Ala. 2015) (recognizing that it is prejudicial when a party is compelled "to litigate parallel cases in state and federal court"); *Lindsay v. CSX Transp., Inc.*, No. 5:17-CV-5, 2018 WL 1177935, at *3 (S.D. Ga. Jan. 26, 2018), *report and recommendation adopted*, No. 5:17-CV-5, 2018 WL 1176855 (S.D. Ga. Mar. 6, 2018) (recognizing that "two nearly-identical, parallel proceedings" creates "the potential of two separate rulings") (Wood, J.); *Osgood v. Disc. Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1356 (S.D. Fla. 2013) (recognizing that "parallel lawsuits may cause [the parties] to bear additional costs and time and does not serve the purpose of judicial economy"). It would be a profound waste of party and judicial resources for these dismissed claims to proceed.

---

[2] The non-moving plaintiffs' deadline to appeal was October 24, 2022.

## **CONCLUSION**

For the reasons stated above, KPR respectfully requests that the Court deny Plaintiffs'

motion to alter or amend the judgment and for leave to file an Amended Complaint.


Dated: November 4, 2022

/s/ F. Adam Nelson
BARRY A. FLEMING
GA Bar No. 262945
F. ADAM NELSON
Georgia Bar No. 845950
anelson@flemingnelson.com
FLEMING & NELSON, LLP
631 Ronald Reagan Drive
P.O. Box 2208
Evans, Georgia 30809

MATTHEW D. THURLOW
*(Admitted Pro Hac Vice)*
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
Phone: 202-861-1681
Email: mthurlow@bakerlaw.com

*Attorneys for Defendant*
*Kendall Patient Recovery U.S., LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court

using the CM/ECF system, which will send notification by email of such filing to counsel of record.

Dated: November 4, 2022                      /s/ Barry A. Fleming
                                             F. ADAM NELSON
                                             Georgia Bar No. 845950

                                             *Attorney for Defendant*
                                             *Kendall Patient Recovery U.S., LLC*