IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN, EVELYN ARMSTRONG, TIEESE SMITH, DEWAYNE WILLIAMS, VICTORIA SNOW, RONALD LAMPKIN, BARBARA BETTS, SHERRY HOLES, FELICIA LAMBERT, TERESSA TAYLOR, MICHAEL DUNN, ALOPECIA ARMSTRONG, PATRICIA BELL, BERNICE WILKINS, ANNIE WILLIAMS, CAROLYN WASHINGTON, SCHUYLER KNIGHT, CLARISSA COLEMAN, CHARLES JONES, MARK PUGH, SABRINA WATKINS, SUSAN DENICE KELLY, and ETHEL LENA EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>KENDALL PATIENT RECOVERY U.S., LLC, a Delaware limited liability corporation,<br><br>Defendant. | Civil Action File No.<br><br>1:21-cv-00112-JRH-BKE |

**PLAINTIFFS SABRINA WATKINS, SUSAN KELLY,
AND ALOPECIA ARMSTRONG'S REPLY IN SUPPORT
OF MOTION TO ALTER, TO AMEND, OR FOR RELIEF FROM
<u>JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

As the Eleventh Circuit has noted, "[a] grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim[.]" *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983). In response to Plaintiffs' request for such relief, KPR argues (1) that Plaintiffs must show newly-discovered evidence or manifest errors of law or fact before obtaining leave to amend, and (2) that, in any event, amendment would be futile,

1

untimely, and unduly prejudicial. KPR is wrong on both accounts, and Plaintiffs' motion should be granted.

## ARGUMENT

**I.    PLAINTIFFS NEED NOT POINT TO NEWLY-DISCOVERED EVIDENCE OR MANIFEST ERRORS OF LAW OR FACT.**

As explained in Plaintiffs' Motion, post-judgment motions for leave to amend are governed by the same "freely given" standard as pre-judgment motions for leave to amend under Rule 15(a). Dkt. 39 at 3 (citing *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001); and *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)). In response, KPR fails to address *Spanish Broadcasting*, *Vanderberg*, or *Foman*. Instead, it points to a line of Eleventh Circuit cases it argues hold that post-judgment motions for leave to amend are not governed by the same "freely given" standard as Rule 15(a) motions, but instead require a showing of newly-discovered evidence or manifest errors of law or fact. Dkt. 40 at 4–6 (citing, e.g., *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) and *David Johnson Constr. Co. v. Clearing Consulting, Inc.*, 722 F. App'x 934, 936 (11th Cir. 2018)). Other courts within this circuit have noted this apparent conflict. *See, e.g.*, *Kurimski v. Shell Oil Co.*, No. 21-80727-CV, 2022 WL 2346364, at *1–2 (S.D. Fla. Jan. 19, 2022) (discussing tension between the two lines of cases); *Furr v. TD Bank, N.A.*, 587 B.R. 743, 746–48 (S.D. Fla. 2018) (same). And while the Eleventh Circuit has, on at least one occasion, been expressly presented with the question of which standard applies, it declined to provide an answer. *Machelletta v. Bergstrom*, 752 F. App'x 724, 732–33 (11th Cir. 2018) ("We need not decide that question because … [plaintiff] cannot satisfy even the lenient Rule 15(a) standard[.]").

In this situation, where two lines of Eleventh Circuit precedent are in apparent conflict, the "earliest case" rule applies, meaning that "the line of authority containing the earliest case" controls. *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). Here, that's the line of authority cited by Plaintiffs, which finds its genesis in a decision of the former Fifth Circuit, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981).[1] In *Dussouy*, the court held that where a plaintiff sought leave to file an amended complaint after entry of judgment, "the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a)." *Id.* at 597 n.1 (citing *Foman*). *Dussouy* was subsequently cited in *Thomas v. Town of Davie*, 847 F.2d 771 (11th Cir. 1988), and together, the two cases became the foundation for the line of authority that Plaintiffs cite here. *See id.* at 773 (citing *Dussouy* for the proposition that "[t]he same standards [from Rule 15(a)] apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)."); *Vanderberg*, 259 F.3d at 1326 (citing *Town of Davie*); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Town of Davie*); *Spanish Broad.*, 376 F.3d at 1077 (citing *Town of Davie*); *Patel v. Diplomat 1419VA Hotels, LLC*, 605 F. App'x 965, 966 (11th Cir. 2015) (citing *Bryant*); *Higdon v. Tusan*, 746 F. App'x 805, 815 (11th Cir. 2018) (citing *Town of Davie*).

In contrast, the line of cases cited by KPR finds its genesis in a 2006 decision, *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). *See Jacobs*, 626 F.3d at 1344–45 (quoting *Atkins*); *David Johnson Constr.*, 722 F. App'x at 937 (citing *Jacobs*); *CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 21-11183, 2022 WL 3012298, at *7–8 (11th Cir. July 29,

---

[1] Though the *Dussouy* opinion was issued after October 1, 1981, it is considered binding in the Eleventh Circuit. *Bank v. Pitt*, 926 F.2d 1108, 1112 n.4 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002).

2022) (citing *Atkins* and *Jacobs*). Because the origin of that line comes well after *Dussouy* and *Town of Davie*, it is the *Dussouy*/*Town of Davie* line applying the "freely given" standard from Rule 15(a) to post-judgment motions for leave to amend that governs here. *See, e.g.*, *Kurimski*, 2022 WL 2346364, at *2 ("I … must apply the earlier rule as set forth in *Dussouy* that Plaintiff's request for leave to amend pursuant to Rule 59(e) should be governed by the Rule 15(a) standard."). Thus, contrary to KPR's suggestion, Plaintiffs need not point to newly-discovered evidence or manifest errors of law or fact.[2]

## II.   AMENDMENT IS NOT FUTILE, UNTIMELY, OR PREJUDICIAL

KPR argues that even under the generous Rule 15(a) "freely given" standard, Plaintiffs' request to amend should be denied because it is futile, untimely, and prejudicial. While futility, untimeliness, and undue prejudice are potential grounds on which leave to amend can be denied, *Bryant*, 252 F.3d at 1163, none of those grounds is present here.

### A.   Amendment is not futile.

Contrary to KPR's assertion, amendment is not futile because (1) the proposed First Amended Complaint ("FAC") cures the original complaint's pleading deficiencies with respect to the statute of limitations, and (2) Plaintiffs' claims are not barred by the exclusivity provisions of Georgia's Workers' Compensation Act.

First, as explained in Plaintiffs' Motion, the proposed FAC cures the statute of limitations pleading defects identified by this Court by alleging that Plaintiffs did not discover that EtO was

---

[2]   In addition to being the proper authority under the earliest case rule, the *Dussouy/Town of Davie* line of cases has the virtue of being consistent with and based on the Supreme Court's decision in *Foman*. In that case, the Court applied Rule 15(a) standards to a Rule 59(e) motion seeking leave to amend a complaint. *Foman*, 371 U.S. at 182. None of the cases cited by KPR discuss or even cite *Foman*, nor does KPR explain how the heightened standard it seeks to impose is consistent with *Foman*.

dangerous or that they had been exposed to excessive levels of it on Defendant's premises until sometime after the July 2019 publication of a WebMd/Georgia Health News Article. Dkt. 39 at 4–6; *cf.* dkt. 37 at 16 ("Plaintiffs do not allege how they 'discovered' this link, or when they discovered it."). KPR acknowledges that Plaintiffs have added sufficient allegations regarding the actual discovery of their claims, dkt. 40 at 7, but argues that the proposed FAC still fails to allege that reasonable diligence would not have uncovered them sooner. Specifically, KPR argues that Plaintiffs are "trying to have it both ways"—alleging that KPR long knew of the dangers of EtO while Plaintiffs did not until July 2019. *Id.* at 8. But there's nothing implausible about an employer's having knowledge of a danger long before its employees do, and that's exactly what Plaintiffs allege here. The FAC alleges that while information about the dangers of EtO was widely disseminated to industrial users of EtO, KPR never informed Plaintiffs of those dangers, FAC ¶¶ 5, 19, 25–29, 39, 46, 53, 59; that prior to the Georgia Environmental Protection Division's November 2019 public release of an EtO air dispersion modeling memo, federal and state air quality reports were intended only for government and industry audiences and were not widely circulated to the media or general public, *id.* ¶¶ 34–35; and that neither federal nor state regulators had warned the public about EtO emissions and elevated cancer risks in Georgia, *id.* ¶¶ 40, 47, 54. In other words, the FAC alleges that, while industrial users like KPR had knowledge of the dangers of EtO, the general public (including KPR workers) did not have access to that information and had no reason to suspect that any diseases they had might be the result of exposure to EtO used at KPR's facility.

      KPR disputes these allegations, asserting (without citation) that information about the dangers of EtO was "publicly available for years." Dkt. 40 at 9. But challenging the accuracy of Plaintiffs' discovery rule allegations raises factual issues not appropriate for resolution at the

5

pleading stage. *See, e.g.*, *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 255 (Ga. Ct. App. 1981) ("[W]hether appellant knew or through reasonable diligence should have discovered that his injury resulted from appellee's action before or after the two years preceding the filing of his suit … is a disputed issue of material fact which must be decided by a jury."); *Andel v. Getz Servs., Inc.*, 399 S.E.2d 226, 228 (Ga. Ct. App. 1990) ("[W]hether [plaintiff] should, through the exercise of reasonable diligence, have discovered the causal connection between his illness and the alleged negligence of defendant is an issue for jury determination."); *Jones v. Ethicon, Inc.*, No. 21-cv-23, 2021 WL 1199028, at *6 (S.D. Ga. Mar. 30, 2021) (citing *Andel*); *Collett v. Olympus Optical Co.*, No. 18-CV-66, 2018 WL 6517442, at *5 (M.D. Ga. Dec. 11, 2018) (citing *King*). Plaintiffs plausibly allege that they did not (and could not with reasonable diligence) know of their claims against KPR until sometime after July 2019. That is enough at the pleading stage.

Second, Plaintiffs' claims are not barred by the Workers' Compensation Act. While KPR argues that the act provides the exclusive remedy for injury arising out of an "occupational disease," dkt. 40 at 9 (citing O.C.G.A. § 34-9-289), Plaintiffs' conditions do not fall within the statutory definition of "occupational disease." In order to constitute an "occupational disease" under the act, the disease must not be "an ordinary disease of life to which the general public is exposed." O.C.G.A. § 34-9-280(2)(D). Here, however, the cancers and miscarriages for which Plaintiffs seek redress, FAC ¶¶ 38, 45, 52, are (sadly) ordinary diseases of life, and KPR does not—nor could it—argue otherwise. *See Hull v. Merck & Co., Inc.*, 576 F. Supp. 616, 617 (N.D. Ga. 1984) (leukemia not an "occupational disease" under Georgia Workers' Compensation Act because it is undisputedly an ordinary disease of life); *Singleton v. Petland Mall of Ga. LLC*, No.

19-cv-01477, 2020 WL 3400194, at *5 (N.D. Ga. Mar. 18, 2020) (denying motion to dismiss because Defendant failed to show that campylobacteriosis is not an ordinary disease of life).

### B. Amendment is not untimely.

In addition to not being futile, Plaintiffs' request for leave to amend is not untimely. Because the action was dismissed and final judgment entered, Plaintiffs seek leave to amend under Rules 59(e) or 60(b). *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984). Such motions are timely if filed "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), or "within a reasonable time," Fed. R. Civ. P. 60(c)(1). Here, the case was dismissed and judgment entered on September 23, 2022. Dkts. 37, 38. Plaintiffs filed their motion 28 days later, on October 21, 2022. Dkt. 39. The motion was thus timely. This is not a case where Plaintiffs waited months or years after the Court identified pleading defects in the complaint before seeking leave to amend. *Cf., e.g.*, *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578–79 (11th Cir. 1991) (affirming denial of request for leave to amend where plaintiff filed request more than two years after court first found pleading defects and four and a half months after court reaffirmed those findings). To the contrary, Plaintiffs filed their request for leave to amend "promptly upon the decision of the trial court that held the pleadings defective." *Dussouy*, 660 F.2d at 598–99 (finding no undue delay warranting denial of post-judgment motion for leave to amend).

Nor is there anything in the record here that "might give rise to the inference that [Plaintiffs were] engaging in tactical maneuvers to force the [C]ourt to consider various theories seriatim." *Id.* at 599. This case presents the straightforward and commonplace situation where the Court dismissed a complaint after identifying some pleading defects, and Plaintiffs filed a timely request for leave to amend to cure the identified defects. *See, e.g.*, *Farmville Mfg.*, 705

7

F.2d at 1307 ("A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim[.]"); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 154–55 (11th Cir. 2017); *Foman*, 371 U.S. at 181–82. There was no undue delay in Plaintiffs' request such as to warrant denial of the request.

      **C.**      **Amendment is not prejudicial.**

Finally, amendment would not be prejudicial to KPR. Undue prejudice warranting denial of leave to amend arises when, for example, the proposed amendment "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation," when the amendment "would result in defendant being put to added expense and the burden of a more complicated and lengthy trial," or when "the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury." 6 Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 1487 (3d ed.); *see also, e.g.*, *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (allowing amendment would cause undue prejudice because discovery period had closed, preventing defendant from conducting further discovery with respect to claim added by proposed amendment). The proposed amendment here raises none of these concerns. Again, this is a run-of-the-mill request for leave to file an amended complaint following dismissal for failure to state a claim—a "particularly appropriate" use of amendment. *Farmville Mfg.*, 705 F.2d at 1307.

The only purported prejudice to which KPR points is having to litigate in both state and federal court if Plaintiffs are permitted to pursue their premises liability claims here while the non-moving plaintiffs whose claims were dismissed for lack of Article III standing choose to re-file those claims in state court. But having to defend EtO exposure claims from multiple plaintiffs in multiple fora—specifically, claims for which a plaintiff has Article III standing in

federal court and claims for which they don't in state court—is commonplace, not prejudicial. *See, e.g.*, *Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909 (N.D. Ill. 2021) (severing and remanding to state court one count of state statutory claim while allowing other two counts arising out of same statute to proceed in federal court); *see also Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some parts of a single suit are within federal jurisdiction, while other are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest[.]"); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1001 (11th Cir. 2020) ("Because standing is not dispensed in gross, what matters is whether the plaintiff has suffered a concrete injury, not whether other parties have.") (quotations and citation omitted).

None of the cases cited by KPR support a finding that allowing Plaintiffs to file the proposed FAC would unduly prejudice KPR. Three of KPR's four cases involved amendments seeking to add non-diverse parties in order to destroy diversity jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987); *Lindsay v. CSX Transp., Inc.*, No. 17-cv-5, 2018 WL 1177935 (S.D. Ga. Jan. 26, 2018); *Osgood v. Disc. Auto Parts, LLC*, 955 F. Supp. 2d 1352 (S.D. Fla. 2013). In that situation, however, where plaintiffs seek amendment to add non-diverse parties, amendment is "scrutinize[d] … more closely than"—as here—an ordinary motion seeking leave to amend. *Osgood*, 955 F. Supp. 2d at 1355 (citing *Hensgens*, 833 F.2d at 1182). Regardless, as KPR's cases themselves suggest, the potential inconsistent results and waste of judicial resources arising out of parallel lawsuits are an issue of judicial economy, not prejudice. *See Hensgens*, 833 F.2d at 1182 (distinguishing "the danger of parallel federal/state proceedings" from defendant's interests); *Lindsay*, 2018 WL 1177935, at *1 (same); *Osgood*, 955 F. Supp. 2d at 1355 (same). If anything, KPR's cases ask "whether *plaintiff* will be significantly injured if

9

amendment is not allowed," which would clearly be the case here. *Hensgens*, 833 F.2d at 1182 (emphasis added); *Lindsay*, 2018 WL 1177935, at *1 (emphasis added); *Osgood*, 955 F. Supp. 2d at 1355 (emphasis added).[3]

Simply put, by seeking leave to amend following dismissal of their original complaint for failure to state a claim, Plaintiffs "ha[ve] obtained no unfair advantage weighing against allowance of the amendment." *Anderson v. Am. Oil Co. of Baltimore*, 60 F.R.D. 676, 679 (S.D. Ga. 1973).

## CONCLUSION

For the reasons stated in Plaintiffs' Motion and above, the case should be re-opened and Plaintiffs given leave to file their proposed First Amended Complaint.

Respectfully submitted,

**SABRINA WATKINS, SUSAN KELLY, and ALOPECIA ARMSTRONG,**

Dated: November 18, 2022

By: /s/ Michael Ovca
  *One of Plaintiffs' Attorneys*

Benjamin H. Richman*
brichman@edelson.com
Michael Ovca*
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Charles Bailey

---

[3] The fourth case cited by KPR in support of its prejudice argument is even less apposite, as it didn't involve a request for leave to amend at all. *Jernigan v. City of Eufaula*, 123 F. Supp. 3d 1322 (M.D. Ala. 2015) (rejecting diverse defendant's request to sever claims against non-diverse defendant in order to retain federal jurisdiction).

charlie.bailey@cookconnelly.com
Sutton Connelly
sutton.connelly@cookconnelly.com
COOK & CONNELLY, LLC
750 Piedmont Ave. NE
Atlanta, GA 30308
Tel: 678.539.0680

*admitted *pro hac vice*

*Counsel for Plaintiffs*