IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LORETTA BROWMAN, et al., | * |
| Plaintiffs, | * |
| v. | * CV 121-112 |
| KENDALL PATIENT RECOVERY U.S., LLC, a Delaware limited liability corporation, | * |
| Defendant. | * |

**O R D E R**

Presently pending before the Court is Plaintiffs Sabrina Watkins, Susan Kelly, and Alopecia Armstrong's (collectively, the "Moving Plaintiffs") motion to alter, amend, or for relief from judgment and for leave to file an amended complaint. (Doc. 39.) For the following reasons, the Moving Plaintiffs' motion is **DENIED**.

**I. BACKGROUND**

On September 23, 2022, the Court granted Defendant Kendall Patient Recovery's motion to dismiss, dismissed Plaintiffs' Complaint, and closed this case. (Doc. 37.) The Court found the Moving Plaintiffs had standing; however, all of their claims except one were barred by the statute of limitations and therefore dismissed. (Id. at 14, 19.) The Court then found Plaintiff Kelly's only timely claim, for her 2020 uterine cancer diagnosis,

should be dismissed for failure to state a claim. (Id. at 27-34.) Based on these findings, the Court dismissed the Moving Plaintiffs' claims with prejudice. (Id. at 34.)

On October 21, 2022, the Moving Plaintiffs filed the currently pending motion, requesting the Court alter, amend, or grant them relief from its judgment under Federal Rule of Civil Procedure 59 or 60. (Doc. 39, at 2.) Further, they request the Court re-open the case and grant them leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). (Id.) The Moving Plaintiffs attach a proposed amended complaint to their motion. (Doc. 39-1.) Defendant responded in opposition, arguing the Court rightfully dismissed the Moving Plaintiffs' claims, they fail to meet the standard for reconsideration under Rule 59(e), the Court should not afford them an opportunity to supplement their claims with facts they knew or should have known when they filed their original Complaint, they still cannot plead a viable claim for negligence, and leave to file an amended complaint is unduly delayed, futile, and prejudicial. (Doc. 40, at 1-2.) The Moving Plaintiffs responded, arguing Defendant is incorrect in its arguments that they are required to show newly discovered evidence or manifest errors of law or fact before obtaining leave to amend, or that amendment would be futile, untimely, or prejudicial. (Doc. 42, at 1-2.) The Court addresses the Parties' arguments below.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) (citation omitted) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or

3

law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). The Moving Plaintiffs filed their motion exactly twenty-eight days after the Order dismissing their Complaint; thus, the Court will analyze their motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted). Rule 59(e) "cannot be used to relitigate old

matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted and alterations adopted).

Federal Rule of Civil Procedure 15(a) leave to amend typically does not apply "once the district court has dismissed the complaint and entered final judgment for the defendant." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (quotation marks and citations omitted). Because of this, post-judgment, plaintiffs must seek "leave to amend . . . under Rule 59(e) or Rule 60(b)(6)." Id. at 1345. However, Rule 15(a)'s lenient amendment standards still govern the Court's analysis. Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). Under Rule 15's permissible standard, leave to amend is not automatic. Faser v. Sears, Roebuck & Co., 674 F.2d 856, 859-60 (11th Cir. 1982). Amendment must be freely given only "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

There is a split of authority in the Eleventh Circuit on Rule 15(a)'s applicability post-judgment. See Kurimski v. Shell Oil Co., No. 21-80727-CV, 2022 WL 2346364, at *2 (S.D. Fla. Jan. 19, 2022) (discussing both lines of cases for this split of authority) (citations omitted). There are many cases in this Circuit which hold that 15(a) does not apply after the entry of judgment; however, there are also many cases that state 15(a) can be applied post judgment. See e.g., David Johnson Constr. Co. v. Clearing Consulting, Inc., 722 F. App'x 934, 937 (11th Cir. 2018) (finding Rule 15(a) has no application after judgment is entered); U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n. 22 (11th Cir. 2006) (citations omitted) (explaining "[Rule] 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant). Recently, the Court decided Daker v. Ward, No. 621-CV-003, 2023 WL 2955914 (S.D. Ga. Apr. 14, 2023), in which it addressed reconsideration and leave to amend. Specifically, the Court held "Rule 15 does not apply once the district court has dismissed the complaint and entered final judgment for the defendant, requiring a plaintiff, post-judgment, to seek leave to amend under Rule 59(e) or Rule 60(b)(6), . . . [however,] Rule 15(a)'s lenient amendment standards still govern the Court's analysis." Id. at *4 (citations and quotation marks omitted). Therefore, the Court will analyze the currently pending

6

motion under Rule 59(e), while utilizing the lenient amendment standard under Rule 15(a).

### III. DISCUSSION

The Moving Plaintiffs argue that because the defects identified in the Court's September 23, 2022 Order can be cured by amendment, the Court should re-open this case and grant them leave to file an amended complaint under Rule 15(a)(2). (Doc. 39, at 1-2.) Defendant disagrees. (Doc. 40.) The Court addresses the Parties' arguments below.

**A. Rule 59(e) Reconsideration**

"Rule 59 enables a district court to 'rectify its own mistakes in the period immediately following' its decision, . . . but not to address new arguments or evidence that the moving party could have raised before the decision." Daker, 2023 WL 2955914, at *2 (citing White v. N.H. Dept. of Emp. Sec., 455 U.S. 445, 450 (1982); Banister v. Davis, 140 S. Ct. 1698, 1703 (2020); Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). "Moreover, when evaluating a motion for reconsideration, a court should proceed cautiously, realizing that in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Id. (citation and quotation marks omitted and alterations adopted).

Here, the Moving Plaintiffs fail to specifically argue there has been an intervening change in controlling law, the availability of new evidence, or that there is a need to correct clear error or prevent manifest injustice. Rather, the Moving Plaintiffs argue they should be given leave to amend under Rule 15's lenient standard and attach a proposed amended complaint. (Doc. 39, at 3-4, Doc. 39-1). Specifically, the Moving Plaintiffs claim they were first made aware of the dangers of ethylene oxide ("EtO") after reading a WebMD article published July 19, 2019 and that reasonable diligence could not have uncovered the cause of their injuries until sometime thereafter. (Doc. 39, at 4-5, 14-15, 17.) Based on this new allegation, out of an abundance of caution, the Court construes their argument as bringing forth new evidence because there is no mention of a change in law or any clear error. When asserting a Rule 59(e) motion by means of newly available evidence, the movant must show either that the evidence is newly discovered, or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence. U.S. v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003); see also Chery v. Bowman, 901 F.2d 1053, 1057 (11th Cir. 1990).

If the Moving Plaintiffs' causation was in fact "newly discovered" it would cure the statute of limitations issue previously identified by the Court. (See Doc. 37, at 14.)

8

However, this information is not newly discovered because if the Moving Plaintiffs read the article after July 19, 2019, they likely knew this information but failed to inform the Court before its September 23, 2022 Order. Ultimately, the Court finds this evidence was certainly available at the time of the Court's September 23, 2022 Order, and the Moving Plaintiffs must show they made a diligent yet unsuccessful effort to discover the evidence. Battle, 272 F. Supp. 2d at 1357.

The Moving Plaintiffs fail to articulate any reason for their failure to discover this evidence or inform the Court of the same prior to its September 23, 2022 Order. In O'Neal v. Kennamer, the Eleventh Circuit explained that the denial of a motion to amend is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." 958 F.2d 1044, 1047 (11th Cir. 1992) (citation and quotation marks omitted); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (holding that the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion). Therefore, the Moving Plaintiffs' reconsideration motion is denied because they failed to show they made a diligent yet unsuccessful effort to discover the cause of their injuries before the Court's September 23, 2022 Order. Based on this, the Moving Plaintiffs

fail to meet the standard required for reconsideration under Rule 59(e).

## B. Rule 15(a)(2) Amendment

Even under Rule 15's lenient standard, the Moving Plaintiffs' motion still fails based on an undue delay. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

> In the absence of any apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182.

### 1. Futility

"[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)). Defendant argues the Moving Plaintiffs' motion to amend is futile because (1) nothing in the proposed amended complaint cures the statute of limitations deficiency and (2) their claims are barred under the WCA. (Doc. 40, at 7-10.)

As outlined in the Court's September 23, 2022 Order, the discovery rule in Georgia provides that "the statute of limitations will not run until Plaintiffs knew, or through the exercise of reasonable diligence should have discovered, not only their injuries but also the causal connection between their injuries and the negligent conduct." (Doc. 37, at 17 (citing King v. Seitzingers, Inc., 287 S.E.2d 252, 255 (Ga. Ct. App. 1981)).) Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues . . . ." O.C.G.A. § 9-3-33. Here, the Moving Plaintiffs allege they first became aware of the dangers of EtO "sometime after" WebMD published an article on July 19, 2019, and did not discover Defendant's emissions were the cause of their problems until approximately November 2019. (Doc. 39-1, at 14-17.) In response, Defendant argues that through reasonable diligence the Moving Plaintiffs should have discovered the causal connection prior to July 19, 2019, because numerous studies existed regarding the dangers of EtO and because the July 19, 2019 WebMD article was largely based on a 2018 Environmental Protection Agency study. (Doc. 40, at 7-8.) The Moving Plaintiffs argue the numerous studies Defendant provided were intended for government and agency audiences and were not widely disseminated to the general public. (Doc. 42, at 5.) However, the question of whether the Moving Plaintiffs knew or through reasonable diligence should have discovered their

11

injury is a disputed issue of material fact which must be decided by a jury. King, 287 S.E.2d at 255. Therefore, the Moving Plaintiffs' proposed amended complaint is not entirely futile. Nevertheless, the Court turns to the other factors provided for analysis under Rule 15(a).

2. Undue Prejudice

"[U]ndue prejudice' is a lofty threshold [and] . . . requires more than a likelihood of incurring additional expense and delay." Matthews v. Brookstone Stores, Inc., No. CV 05-0369, 2006 WL 8438063, at *4 (S.D. Ala. Mar. 27, 2006) (citing Loggerhead Turtle v. Council of Volusia Cnty., 148 F.3d 1231, 1257 (11th Cir. 1998)).

> Examples of situations in which the court might deem an amendment prejudicial are if the opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury.

Id. (citation omitted). Here, Defendant argues the proposed amended complaint is prejudicial as they will be "forced" to litigate parallel cases in state and federal court, because it will have to defend itself from the other dismissed Plaintiffs in state court. (Doc. 40, at 12). While it is possible there may be parallel litigation, the Court notes the only material alteration in the Moving Plaintiffs' proposed amended complaint is the period in which they discovered their injury. (See Doc. 39-1.) As such,

12

the nature of the claims has not been changed, and Defendant raised no concerns over additional discovery or preparation. See Wyatt v. BellSouth, Inc., 176 F.R.D. 627, 630 (M.D. Ala. 1998) (explaining that undue prejudice is not compelling absent a showing that there is no way to accommodate the need for additional discovery); Perez v. Pavex Corp., No. 801CV0069, 2002 WL 31500404, at *2 (M.D. Fla. Oct. 18, 2002) (finding no undue prejudice when defendant was on notice of potential claims before the close of discovery). Although there may be parallel litigation, the Court finds the Moving Plaintiffs' proposed amended complaint is not prejudicial to Defendant because the allegations therein are essentially the same as the original Complaint and it does not raise additional claims or new parties that would require additional preparation in this case. As such, the Court finds the proposed amended complaint is not unduly prejudicial.

3. Undue Delay

Finally, Defendant argues the Moving Plaintiffs' motion should be denied because of undue delay. (Doc. 40, at 10-11.) Specifically, it argues the Moving Plaintiffs are attempting to assert facts they knew at the time the original complaint was filed. (Id. (citing Max Warehousing, LLC v. L & P Materials Mfg., Inc., No. 1:08-CV-1330, 2011 WL 13269796, at *3 (N.D. Ga. Jan. 24, 2011).) In the Moving Plaintiffs' proposed amended complaint, they attempt to cure a statute of limitations issue by claiming

13

they became aware of the dangers of EtO and its connection to their injuries sometime after discovering a WebMD article published on July 19, 2019. (Doc. 39-1, at 14-17.) Curiously, in the Court's September 23, 2022 Order, the Court explained "tolling would be appropriate if Plaintiffs alleged they could not have known prior to July 19, 2019 that their injuries were caused by Defendant." (Doc. 37, at 17.)

Accepting the Moving Plaintiffs' statements that they discovered the causal connection between their injuries and Defendant's EtO emissions based on a July 19, 2019 article as true, they must have known of the facts upon which the amendment is based at the time the original Complaint was filed and before the Court's September 23, 2022 decision. Courts in this Circuit have found such action as undue delay and grounds for denying leave to file an amended complaint. See Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982) (finding no abuse of discretion where the facts supporting proposed defense were known at the time of the original answer and where amendment would cause delay at a late stage in the proceedings); Max Warehousing, 2011 WL 13269796, at *3 (finding undue delay when plaintiff attempted to assert new claims based on same facts known at the time of the original complaint); Quinn v. Deutsche Bank Nat. Tr. Co., 625 F. App'x 937, 940 (11th Cir. 2015) (finding plaintiff's request to amend complaint was based on facts already known before filing suits

14

indicates lack of diligence). Importantly, the Moving Plaintiffs fail to provide any response to Defendant's argument and offer nothing as to why the information was not originally provided to the Court. See Ferrell v. Busbee, 91 F.R.D. 225, 231 (N.D. Ga. 1981) (finding that plaintiff ignored issues raised by defendant and failed to show that motion was not a dilatory tactic); Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) ("unexplained tardiness constitutes undue delay"); Hoover v. Blue Cross & Blue Shield of Ala., 855 F.2d 1538, 1544 (11th Cir. 1988) (upholding district court's finding of undue delay because of additional claims were without excuse). Because the Moving Plaintiffs knew of the WebMD article sometime after July 19, 2019, but failed to disclose such finding until after the Court's September 23, 2022 Order and provide no excuse for the late disclosure, the Court finds they have caused an undue delay. As such, the Moving Plaintiffs' motion for leave to file an amended complaint is also denied.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Moving Plaintiffs' motion to alter judgment and for leave to file an amended complaint (Doc. 39) is **DENIED**. This case stands **CLOSED**.

15

**ORDER ENTERED** at Augusta, Georgia, this ___15th___ day of August, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA